T. Jason Wood, Esq., ISB #5016
Richard A. Hearn, Esq., ISB #5574
HEARN & WOOD, LLP
1906 Jennie Lee Dr.
Idaho Falls, ID  83404
Telephone: (208) 497-0400
Fax: (208) 932-4380
Email: jason@hwlawpro.com
Email: rick@hwlawpro.com

Attorneys for Plaintiff

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MISKIN SCRAPER WORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CNA FINANCIAL CORPORATION and/or CNA SOLUTION, INC., dba CNA and CONTINENTAL CASUALTY COMPANY, and NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, <br><br> Defendants. | Case No. 4:16-cv-52 <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

For cause of action against the above-named defendants, Plaintiff Miskin Scraper Works, Inc., alleges as follow:

1. Plaintiff Miskin Scraper Works, Inc. (hereinafter "Miskin"), is, and was at all times material hereto, an Idaho corporation with its principle place of business in Bonneville County, Idaho, engaged in the business of manufacturing and selling earth-moving equipment and implements.

1 –   COMPLAINT AND DEMAND FOR JURY TRIAL

2.Defendant CNA Financial Corporation and/or CNA Solution, Inc. (hereinafter "CNA"), are, and at all times material hereto were, foreign corporations headquartered and having their principal place of business in Chicago, Illinois, engaged in the business of providing and selling commercial insurance to businesses in Idaho, among other states, under their names and also under names "CNA," "Continental Casualty Company," and "National Fire Insurance of Hartford."

3.Defendant National Fire Insurance of Hartford is, and at all times material hereto was, a foreign corporation (hereinafter "National Fire"), wholly owned by CNA, which is headquartered and has its principal place of business in Chicago, Illinois, engaged in the business of underwriting commercial insurance for CNA sold to businesses in Idaho, among other states.

4.The amount in controversy herein exceeds the sum of $75,000, exclusive of interests and costs.

5.Consequently, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1332.

6.This Court has personal jurisdiction over the defendants pursuant to Idaho Code §5-514(d) consistent with the Due Process Clause of the United States Constitution.

7.Venue is proper pursuant to 28 U.S.C. §1391(b).

8.Miskin purchased a property and casualty insurance policy from Transcontinental Insurance Company, a predecessor in interest of and to National Fire and CNA, who assumed all duties, obligations, responsibilities, and liabilities under the insurance policy.

9.A fire subsequently destroyed Miskin's manufacturing plant located on Sunnyside Road in Idaho Falls, Idaho.

10. Shortly thereafter, Miskin submitted to the defendants a claim under the above-referenced insurance policy.

11. The terms of the insurance policy required the defendants to pay Miskin's claim.

12. The defendant's liability under the insurance policy for Miskin's claim was not fairly debatable.

13. Nevertheless, the defendants unreasonably delayed and/or denied payment of Miskin's claim, the same not being fully paid to the date hereof.

14. The insurance policy contained a provision mandating arbitration of a claim made thereunder regarding the value and/or replacement cost of Miskin's property thereby insured.

15. After years of delaying payment of Miskin's claim, the defendants finally submitted the matter to arbitration by umpire Hon. Duff McKee, who determined a total insurable value of $5,967,769.00.

16. To this day some of the umpire's award remains unpaid by the defendants.

17. Plaintiff is entitled to judicial confirmation of the umpire's award pursuant to Idaho Code §7-911.

18. Plaintiff is entitled to judgment against defendants for all amounts awarded by the umpire that remain unpaid, pursuant to Idaho Code §7-914.

19. Plaintiff is entitled to an award of prejudgment interest of twelve percent (12%) per annum on all amounts unpaid and unreasonably delayed, pursuant to I.C. § 28–22–104.

20. As a direct and proximate result of the defendants' breach, and bad faith breach, of the insurance policy, and bad faith delay in payment thereunder, Miskin has suffered tremendous financial harm in such amounts to be proven at trial but no less than $75,000.01.

21. The defendant's bad faith as set forth above was oppressive, fraudulent, malicious or outrageous within the meaning of Idaho Code §6-1604(1).

22. Plaintiff is entitled to an award of his reasonable attorney fees incurred in this matter, pursuant to Idaho Code §§ 12-120, 12-121, and other applicable state and federal statutes and rules.

WHEREFORE, Plaintiff prays the judgment, order, and decree of the Court as follows:

1. For a declaration that the defendants' conduct as alleged above is in breach of the defendants' insurance policy;

2. For confirmation of the umpire's award and entry of judgment in accordance therewith;

3. For an award of special, incidental, consequential, compensatory, and general damages in an amount to be proven at trial, but in no case less than $75,000.01;

4. For an award of prejudgment interest as alleged above;

5. For an award of costs and disbursements incurred herein;

6. For an award of reasonable attorney fees; and

7. For an award of such further relief to Plaintiff as the Court deems just and equitable.

DATED this 29th day of January, 2016.

HEARN & WOOD, LLP

By: /s/ _____
T. Jason Wood, Esq.

Z:\DATA\TJW\4136 MISKIN\PLEADINGS\001 Complaint.wpd